39 F.3d 1181
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COMCARE, INC., Plaintiff-Appellant
v.
METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,
Defendant-Appellee.
 No. 93-6282.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, Comcare, Inc. ("Comcare"), appeals a grant of summary judgment by the United States District Court for the Middle District of Tennessee in favor of the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metropolitan Government"). The district court held the Metropolitan Government did not violate the Fair Housing Amendments Act of 1988 ("FHAA") when it refused to issue a Use and Occupancy Permit ("Permit") for a group home for six autistic teenagers, unless and until Comcare complied with certain fire-safety regulations.
 
 
 2
 Comcare, a non-profit organization, provides and operates housing for handicapped individuals in Tennessee. Comcare purchased a house in Nashville, Tennessee, for the express purpose of establishing a group home for six autistic teenagers. The house purchased by Comcare was located in an area zoned for single family residences. Prior to occupying the house, Comcare was required by the Tennessee Department of Mental Health and Mental Retardation to obtain a Permit from the Metropolitan Government. Comcare applied for a Permit shortly before the teenagers moved into the group home.
 
 
 3
 The Department of Codes Administration of the Metropolitan Government denied the Permit pending the installation of one-hour fire walls between the occupants' living quarters. Since the group home was not considered a single family residence, a local ordinance required fire protection, in the form of one-hour fire walls, between each "tenant's" living quarters. The aim of the ordinance is to protect occupants against the spread of fire from one tenant to another. On February 29, 1992, the lease of Comcare's current group home expired and, on that date, Comcare moved the teenagers into the new home without securing the required Permit.
 
 
 4
 On March 2, 1992, after Comcare's attorneys met with Metropolitan Government officials seeking the required Permit, the Permit was again denied but a provisional use and occupancy permit was granted pending an appeal. Comcare refused to appeal the decision and instead filed suit in the United States District Court on March 10, 1992. Comcare objected to the statute requiring fire-walls on the basis it was discriminatory against group homes for the developmentally disabled. Comcare asserts that in order for the statute to be valid it may not impose burdens on group homes for the developmentally disabled not similarly imposed on single-family residences.
 
 
 5
 On August 31, 1993, the District Court entered summary judgment in favor of the Metropolitan Government holding the regulation imposed by the Metropolitan Government did not violate the FHAA. The fire-safety regulation was applied neutrally to all group homes, not just those which housed developmentally disabled people.
 
 
 6
 Having carefully considered the record and issues presented in the briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the decision of the Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, for the reasons set forth in his August 31, 1993, Memorandum and Order.